JOSEPH CRISCIONE, PROSECUTOR, v. GIOVANNI IACONO, RESPONDENT.

Argued May 5, 1936—Decided December 15, 1936.

Before Justices LLOYD and DONGES.

For the prosecutor, *Alfred M. Cozzi* (*Louis Hoberman,* of counsel).

For the respondent, *Felice Castelli* (*J. Raymond Tiffany,* of counsel).

PER CURIAM.

This is a fact case. It is by an alleged workman for compensation for injuries in the workmen's compensation bureau in which an award was given and this award later reversed by the Common Pleas judge. The latter decision is here for review on *certiorari*.

The parties are brothers-in-law, having married sisters. The defendant is in the baking business without practical knowledge, but having at all times a competent man and upon occasion one designated as a helper.

The claimant's story was that in June, 1933, he made an arrangement with the defendant that he, totally unfamiliar with the baking business, being a timber man by occupation, should come into the bakery and learn the business for one week as a learner without pay and to be employed thereafter at $20 a week.

Claimant's arm was caught in some machinery on the twelfth day after he started in to work in the bakery and it was for this injury that the award was made.

The sole point in the case is one of employment and of course whether the claimant was injured in an accident arising out of employment. The award seems to have been complied with by the defendant for a period of eight months pending the appeal which had been taken. On reversal of the award payments ceased and the writ before us was allowed.

The two tribunals having reached different conclusions, we are especially obligated to measure and appraise the two stories as given by the parties.

The burden was on the claimant to establish his claim. The claimant was the sole witness testifying to any agreement or to any circumstances corroborating such agreement. The defendant denied the story *in toto* except to say that his brother-in-law who had been out of work and on relief for a long time was told he might come in and learn the business, and that after he had learned he would be given employment if his work was satisfactory, but that nothing was said about present employment or any rate of pay. In addition to the denial by the alleged employer there is the testimony of defendant's counsel that on an occasion when he was driving claimant to his home in West New York the latter said that he (defendant) did not agree to pay any salary, that there was no agreement for any salary, but that he (the claimant) thought he would get $20 a week as the defendant would not expect him with five kids to work for any less.

It also appeared that another helper who was discharged after the eighth day that claimant was in the bakery was receiving but $6 a week and that it would take much longer than the time the prosecutor had worked to learn the trade.

Upon these proofs the Common Pleas judge concluded that the burden of proof had not been met and we agree with that result. Against the plaintiff's testimony is the denial of the defendant and corroboration of admissions by his attorney, to which is to be added the great improbability that a wage of $20 a week would be paid to a man formerly totally ignorant of the business upon one week of experience.

The judgment is affirmed with costs.