New Jersey Department of Labor,
Workmen's Compensation Bureau.

EDWARD JACKSON, PETITIONER, v. SACKS BARLOW
FOUNDRY, INC., NEW JERSEY MANUFACTURERS' CAS-
UALTY INSURANCE CO., RESPONDENTS.

Decided January 19, 1942.

For the petitioner, *David Roskein* (*Roger F. Lancaster,*
of counsel).

For the respondent, *George E. Meredith* (*Walter W.
Hubley, Jr.,* of counsel).

\*        \*        \*        \*        \*        \*        \*

Petitioner was called and testified that he had gone into
the office of the respondent on the morning of June 18th,
1941, seeking employment. He stated that he had inter-
viewed a Mr. Davies and that this party had referred him
to the foreman of the plant, a Mr. Bush. He further testified
that he had interviewed Mr. Bush and had been questioned
as to whether or not he had had any experience as an iron
pourer, and after replying in the affirmative had been advised
to return to the plant of the respondent at 3 P. M. He testi-
fied that he had been told by Mr. Bush that he would then
be given work. He gave some testimony relative to a possible
wage and hour schedule, but was not very definite as to this.
Petitioner then testified that he had returned to the plant at
3 P. M. and had been given a ladle and told to pour iron, and
that while pouring the first or second ladle he had spilled
same over his right foot, badly burning same. Following this

he was given a card and was taken to the clinic of the respondent's insurance carrier, where he was treated for some period of time.

On cross-examination the petitioner was questioned as to whether or not he had, on applying for employment, been told that he would be given a test at 3 P. M. to see whether or not he was, as alleged, an experienced iron pourer, and whether or not he had been told that if he passed the test he would be hired by the respondent. Petitioner denied this allegation as well as various other allegations with which he was confronted.

The respondent called as its witness Mr. Bush, foreman of the respondent plant. This witness testified that the petitioner had come to him on the morning of June 18th; that he had given a story that he was an experienced iron pourer; that due to the danger of the work the petitioner was told that he would first have to show that he was competent to handle such a job, and had been advised to return at 3 P. M., at which time he would be tested; that due to the danger of the work to the individual and to the co-workers such a test was generally done; that the petitioner had returned at 3 P. M. and had been tested by the assistant foreman; that the assistant foreman had advised Mr. Bush that the petitioner was unfit to be hired; that following this the petitioner had insisted that he had not been given a fair test, and thereupon Mr. Bush, himself, tested him, and that on handling the first ladle of molten iron the petitioner showed his inexperience so clearly that Mr. Bush tried to take the ladle away from him, but before he could get to the petitioner he had spilled the molten metal on himself; that in view of the two tests petitioner was not hired and would not have been hired. The party in charge of the payroll record of the respondent was called as a witness and testified that as far as his knowledge went, there had been no hiring of the petitioner.

Joseph Vennard, assistant foreman of the respondent plant, was called as a witness. He testified in similar vein to the testimony of Mr. Bush.

Mr. Davies was called as a witness and testified that he had first interviewed the petitioner on the morning of June

18th and had referred him to Mr. Bush; that this was a rule of the plant and that he, Mr. Davies, had no authority whatsoever to hire or fire employees. This witness was called upon to explain the card which was offered into evidence by the petitioner that was given by Mr. Davies at the time the petitioner was injured. This card bore the notation that the petitioner was an employee and that the respondent was the employer, same being a printed card. Mr. Davies explained that the petitioner was in need of immediate medical attention following his accident, and that the card was used in order to facilitate his getting same without delay, but that it in nowise indicated employment, inasmuch as a similar card would have been gven to anyone who was injured in the plant of the respondent, even a visitor.

At the conclusion of the respondent's case counsel for the respondent moved for a dismissal of the petition on the ground that the petitioner had failed to sustain the burden of proving that he had suffered an accident arising out of and in the course of his employment with the respondent, inasmuch as he was no employee of the respondent, but had suffered his accident while trying out or while being tested for a job. Counsel for the respondent argued that the hiring of the petitioner was dependent on his successfully passing the tests, and from the testimony there was no such result.

Counsel for the respondent cited in support of his argument section 175 of 71 *Corp. Jur.* 434 and the cases cited in support of the ruling laid down in that section, and also cited the case of *Criscione* v. *Iacono,* 14 *N. J. Mis. R.* 915; 188 *Atl. Rep.* 441; 119 *N. J. L.* 452; 197 *Atl. Rep.* 48.

After careful consideration of this case this court is satisfied that the petition should be dismissed. The petitioner's testimony was unsupported, and against his testimony the respondent produced the testimony of several witnesses, whose testimony this court had no reason to disbelieve. The testimony of the petitioner, if I am to believe the testimony of the respondent's witnesses, and as I said above, their testimony impressed this court as being most truthful, cannot be considered as accurate and honest as one might desire. It clearly appears from the overwhelming weight of evidence

that the petitioner was being tested for a job which he had stated he was competent to handle and which, even from his own testimony, would appear to have been questionable. During the course of this test it likewise clearly appears that the petitioner was not competent for the job, and as testified to by respondent's witnesses, would not have been hired even if he had not had an accident.

I, therefore, find that the petitioner was not an employee of the respondent at the time of the accident and that, therefore, of course, the accident did not arise out of and in the course of his employment, there being no employment. The petition is, therefore, dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*